# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:17-cr-00153-MR-DLH

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| (1) BUFORD SMITH and ) | |
| (2) CECILIA BELLE BRADLEY, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Government's Motion to Amend Indictment [Doc. 14].

The Government moves for an order amending the Bill of Indictment filed in this case in order to correct an erroneous citation. [Doc. 14]. "The general rule [is] that the Government may not amend an indictment, either explicitly by motion, or implicitly by presenting proof of a crime different from that charged…." United States v. Bryan, 483 F.2d 88, 96 (3d Cir. 1973). Indeed, Rule 7 of the Federal Rules of Criminal Procedure, which addresses the nature and content of bills of indictment and information, provides only for the amendment of bills of *information*. See Fed. R. Crim. P. 7(e)(allowing amendment of information "at any time before the verdict or finding"). The

Government, however, has not cited any authority which would permit the Bill of Indictment to be amended. Instead, the Government asserts that the portions it wishes to amend are mere surplusage. Even if that is true, however, it does not follow that the Government can amend such portions of the indictment without any authority for doing so. For all of these reasons, the Government's motion is denied.

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Amend Indictment [Doc. 14] is **DENIED**.

**IT IS SO ORDERED.**

Signed: February 13, 2018

Martin Reidinger
United States District Judge